# United States Court of Appeals
## For the First Circuit

No. 02-2709

THE CADLE COMPANY,

Plaintiff, Appellant,

ATLANTA JOINT VENTURE,

Movant, Appellant,

v.

SCHLICTMANN, CONWAY, CROWLEY & HUGO, A MASSACHUSETTS
GENERAL PARTNERSHIP; JAN R. SCHLICTMANN, INDIVIDUALLY;
AND THOMAS M. KILEY,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Selya, Circuit Judge,

R. Arnold,* Senior Circuit Judge,

and Lipez, Circuit Judge.

Scott L. Machanic, with whom Cunningham, Machanic, Cetlin &
Johnson, LLP, was on brief for appellants.

*Of the United States Court of Appeals for the Eighth Circuit,
sitting by designation.

Barry A. Ragsdale, with whom Garve W. Ivey, Jr., Ivey & Ragsdale, was on brief for appellees.

---

July 31, 2003

---

R. ARNOLD, **Senior Circuit Judge**.  The Cadle Company, one of the plaintiffs, is trying to enforce a note against the defendants.  Jan R. Schlichtmann, one of the defendants, however, purchased Cadle's cause of action against the defendants at a sheriff's sale in Texas.  Cadle then claimed that it was merely acting as agent for a limited partnership, Atlanta Joint Venture, and that Atlanta still had an enforceable ninety-nine per cent. interest in the cause of action.  Atlanta attempted to intervene, but the District Court denied Atlanta's motion as untimely and concluded that Cadle's prior representation that it owned the debts estopped it to assert now that it was actually acting on Atlanta's behalf.  We agree and affirm the decision of the District Court.

I.

A series of notes and guaranties (the debts) were issued by lawyers Jan R. Schlictmann and Thomas M. Kiley and the law firm of Schlictmann, Conway, Crowley & Hugo (collectively, the defendants) to the Boston Trade Bank.  When the Bank failed, The Cadle Company purchased those instruments and later sought to enforce them.  A long-running dispute commenced over whether Cadle had an interest in a large settlement that the appellees had received and paid to other creditors.  After six years, the case reached this Court.  We decided that Cadle did have some interest in the settlement fees and remanded the case for further

proceedings.  See Cadle Co. v. Schlichtmann, 267 F.3d 14 (1st Cir. 2001).

In October of 2002, at a sheriff's sale in Texas, Mr. Schlichtmann purchased "[a]ll rights, claims and/or causes of action belonging to The Cadle Company . . . against any individual . . . . arising in any manner or in any time against Jan R. Schlichtmann," for $52,000.  Eight days later, Atlanta Joint Venture, a limited partnership of which Cadle was the general partner, moved to intervene in this suit as a plaintiff or to be substituted as the plaintiff.

Atlanta and Cadle argued that Cadle was merely acting as an agent for Atlanta in the litigation to enforce the debts.  They suggested that Cadle owned only one per cent. of the debts; Atlanta, they said, still owned the remaining ninety-nine per cent. of the debts, which were not sold to anyone, and thus remained enforceable by Atlanta or its agent (Cadle).

In November, the District Court denied Atlanta's motion to intervene as untimely.  As to Cadle's argument, the Court observed that before the sale, during a hearing challenging Cadle's standing to enforce the debts, Cadle's attorney had said Cadle was the real party in interest in the suit and that it owned the debts. The District Court declined to entertain Cadle's new argument that it had been merely acting as an agent all along.  The Court dismissed the suit because Cadle no longer had an interest in the

litigation – any dispute between Cadle, acting on its own behalf, and the defendants having been mooted by Mr. Schlichtmann's acquisition of Cadle's claim. Cadle and Atlanta appealed to this Court.

## II.

This case presents two questions. The first is whether the District Court properly denied Atlanta Joint Venture's motion to intervene. The second is whether The Cadle Company should be allowed to disavow its ownership of the debts in question.

## A.

We review the District Court's decision to deny a motion to intervene for an abuse of discretion. Manqual v. Rotger-Sabat, 317 F.3d 45, 61 (1st Cir. 2003). A motion to intervene must be made in a procedurally proper manner. See Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 205 n.6 (1st Cir. 1998). Specifically, whether the intervention is of right or is permissive, it must be timely. Fed. R. Civ. P. 24(a),(b).

A district court's determination of timeliness is case-specific and is entitled to substantial deference. Caterino v. Barry, 922 F.2d 37, 40 (1st Cir. 1990). Atlanta should have known that Cadle's claim was being sold in Texas. Atlanta also should have anticipated the problems this sale would create, given that Atlanta had allowed Cadle to hold itself out for seven years as owner of the debts. Nonetheless, it allowed the District Court to

halt proceedings for weeks to await the results of the sale, which might not have been necessary had Atlanta disclosed that its major interest in the debts was not being sold in Texas. It was only after the sale that Atlanta decided to make its presence felt. Under these circumstances, we cannot say that the District Court abused its discretion in deciding that Atlanta's motion was untimely.

## B.

We review de novo the District Court's dismissal of this suit on the ground of mootness. Me. Sch. Admin. Dist. No. 25 v. Mr. R., 321 F.3d 9, 17 (1st Cir. 2003). An action is moot if one of the parties loses a cognizable interest in the suit. Gulf of Me. Fishermen's Alliance v. Daley, 292 F.3d 84, 87 (1st Cir. 2002).

In this case, the question of mootness turns on whether judicial estoppel should be invoked against Cadle. If Cadle is held to its prior representations, that it owned the debts in full, then Cadle cannot assert now that it is acting as an agent in this suit. In that case Cadle would have to be a plaintiff in its own right, which it cannot be, because its own interest in this action was sold. Because we have already decided that Atlanta was properly prevented from intervening, that would leave this case with no plaintiffs with claims against any of the defendants. So we turn our attention to the application of judicial estoppel.

Judicial estoppel is a doctrine that precludes a party

from asserting a position contrary to a position it has already asserted. Patriot Cinemas, Inc. v. Gen. Cinema Corp., 834 F.2d 208, 212 (1st Cir. 1987). On August 23, 2002, Cadle made crucial representations to the District Court when its standing to enforce the debts was challenged. In arguing that it had the right to enforce the note, Cadle said:

> [T]he note and security interests were bought by the Cadle Company. They were assigned to the Cadle Company by the FDIC. And *there has never been any writing that has ever transferred that ownership interest in the notes and the security interest to anyone else.*
>
> * * *
>
> There is a business understanding between Atlanta Joint Venture and its general partner [Cadle] as to how the proceeds of the litigation are going to be decided. That doesn't change who is the titled owner of the note [and] the security interests.
>
> * * *
>
> So the Cadle Company is the real party in interest here. It owns the note.

There is no ambiguity in Cadle's stated position. When the question arose as to what role Atlanta played in all of this, and Cadle had an opportunity to explain that it was Atlanta's agent, Cadle said:

> While The Cadle Company may have orally promised Atlanta Joint Venture that it would receive the proceeds of any recovery, thus

-7-

> giving Atlanta Joint Venture a potential claim
> if The Cadle Company does not fulfill its
> promise, The Cadle Company still "owns" the
> debt.

>                        *   *   *

> The Cadle Company still has title to the debt.

Cadle's position appeared clearly staked out:  It owned the debts in full.  A month later, once Cadle's suit was in jeopardy because of the outcome of the sheriff's sale, Cadle altered its position and claimed that its interest in the litigation was limited and that it was holding the debts merely as an agent for Atlanta, which owned a ninety-nine per cent. stake in them.  Cadle argues that its positions were consistent because, according to the Uniform Commercial Code, its status as a holder entitled it to enforce the debts in its own name and hold itself out as owner of the debts. Whether what Cadle told the District Court is technically true or not, according to the Uniform Commercial Code (or any other law), is beside the point.

Our focus is on the impression Cadle's statements reasonably created in the District Court.  Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 23 (1st Cir. 1998) (noting that the party to be estopped made no effort to correct the district judge's misunderstanding of a fact).  The District Court was entitled to know the full situation before it when resolving the challenge to Cadle's standing.

For whatever reason, Cadle maintained its position that "it own[ed] the note," was "the real party in interest here," and had sole legal entitlement to any proceeds from this suit. Cadle said it bought the debt, and that "there has never been any writing that has ever transferred that ownership interest in the notes or security interests to anyone else."

Cadle either knew or should have known that the District Court would take these assertions at face value and believe that Cadle was acting to protect its own interest, not someone else's. We decline to allow Cadle to claim now that it was always acting on Atlanta's behalf and should be allowed to continue to do so. "We generally will not permit litigants to assert contradictory positions at different stages of a lawsuit in order to advance their interests." Beddall, 137 F.3d at 23. We see no reason to make an exception in this case.

This is not to say that the claim against the defendants has been extinguished; if some other party has a claim, then that claim is unaffected. However, Cadle has no cognizable interest in this suit because its interests in this suit, whatever they were, were sold in the sheriff's sale. Further, Cadle is estopped to assert that it was acting as an agent all along; thus, Cadle has no role to play in this litigation, and there are no other plaintiffs to continue the action. Under such circumstances, the District Court was correct to dismiss the action.

For these foregoing reasons, we affirm the District Court's decision in all respects.

<u>Affirmed.</u>